114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sandra FORT, Defendant-Appellant.
 No. 96-50253.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1997.
Decided May 19, 1997.
 
 1
 Before: BROWNING, and SCHROEDER, Circuit Judges and RESTANI, Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 The evidence was sufficient to support Fort's conviction.
 
 
 4
 Guadalupe Gonzalez-Arroyo's testimony provided strong circumstantial evidence of Fort's state of mind. She informed Fort in advance of the names of persons Fort was to process and gave Fort food and other items in exchange for processing documents. Gonzalez-Arroyo conceded she did not explicitly discuss any terms of exchange with Fort, but the one-sided gift-giving reasonably supported the inference that Fort knew the gifts were given because of Fort's official position. Also probative of Fort's state of mind was Gonzalez-Arroyo's testimony that Fort instructed her to pick up the documents at the home of Fort's mother, rather than her own home, because an immigration officer lived across the street. Vega-Juarez's testimony helped establish Fort's understanding that the wristband was not given because of the personal relationship between Fort and Gonzalez-Arroyo. The testimony of Gonzalez-Arroyo and of Vega-Juarez was not so incredible or insubstantial as to warrant our second-guessing the jury's credibility determinations.
 
 
 5
 Fort's acquittal on the bribery count does not preclude use of the evidence of bribery to support Fort's gratuities conviction. The jury could reasonably conclude Fort knew the gifts were being given because of her position even if the Government failed to prove corrupt intent relating to a specific quid pro quo.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3